### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
|   TONY ARNEL MASSENBURG, | | Bankruptcy No. 12-27073-TJC |
|       Debtor | * |  (Chapter 7) |

                         *    *    *

ROGER SCHLOSSBERG, TRUSTEE      *
18421 Henson Blvd., Suite 201
Hagerstown, MD 21742          *
       Plaintiff
                         *

     v.                            Adversary No. _____
                         *

NAVY FEDERAL CREDIT UNION      
820 Fallon Lane                 *
Vienna, VA  22180
       Defendant           *

                *    *    *    *    *

**COMPLAINT TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFER**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW Roger Schlossberg, Trustee, by and through his undersigned counsel,

Schlossberg & Mastro, and in support of his *Complaint to Avoid and Recover Unauthorized*

*Post-Petition Transfer* (the "*Complaint*"), hereby respectfully represents as follows:

#### Jurisdiction, Venue, *Etc*.

     1.  The instant bankruptcy case was commenced upon the filing by Tony Arnel

Massenburg (the "Debtor") of a *Voluntary Petition* under Chapter 11 of the Bankruptcy Code on

September 18, 2012 (the "Petition Date"), and an order for relief thereupon was entered.

2.  By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the "*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and United States District Court Local Rule 402.  Further, the instant adversary proceeding is a "core proceeding" as provided in 28 U.S.C. § 157(b)(2)(A), (H), and (O).  Pursuant to the provisions of Local Bankruptcy Rule 7012-1(b), your Plaintiff/Trustee hereby consents to the entry of final orders or judgments by a Judge of this Court.

### Parties

4.  Upon conversion of the instant case from a proceeding under Chapter 11 to a case under Chapter 7, your Plaintiff Roger Schlossberg duly was appointed Chapter 7 Interim Trustee. Following the commencement of that Meeting of Creditors required by 11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Plaintiff ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

5.  The Defendant, Navy Federal Credit Union ("Navy Federal"), is a Federally-chartered credit union with its principal place of business in Vienna, Virginia.

### Facts Common to All Counts

6.  On February 21, 2013, and while the Debtor was a debtor in possession as contemplated in 11 U.S.C. §1107(a), the Debtor borrowed from Navy Federal the principal sum of $97,449.40 (the "Loan") repayable together with interest thereon and upon those terms and

conditions set forth in a Promissory Note and certain related loan documents of that date
(collectively, the "Loan Documents").

7.   As a material term of said Loan, the Debtor withdrew property of the instant
bankruptcy estate in the amount of $97,449.00 (the "Estate Funds") from his Debtor-in-
Possession bank account (the "DIP Account") and deposited said Estate Funds into a newly-
established share account (the "Share Account") at Navy Federal.[1] The Estate Funds and Share
Account thereupon were pledged to Navy Federal to secure the Debtor's obligations of payment
and performance under the Loan Documents.[2]

8.   Notwithstanding the requirements of 11 U.S.C. § 364(c), the Debtor failed: (a) to
provide notice of his intention to obtain the Loan; and (b) to obtain Court approval for the Loan
and the pledge of the Estate Funds to Navy Federal.

9.   Within a few months following the date of the Loan, the Debtor defaulted on his
payment obligations under the Loan Documents.  As contemplated under the Loan Documents,
Navy Federal thereupon exercised its rights as a secured creditor and seized the balance of the
Estate Funds maintained in the Share Account to satisfy the unpaid indebtedness under the Loan.

---

[1] Upon information and belief, the Share Account was not a debtor-in-possession account
established in compliance with the *Operating Guidelines And Reporting Requirements Of The
United States Trustee For Chapter 11 Debtors In Possession And Chapter 11 Trustees*, as
amended from time to time.

[2] Upon information and belief, and based upon the sworn testimony of the Debtor at the meeting
of creditors conducted herein pursuant to 11 U.S.C. § 341(a), the Loan was arranged by the
Debtor to facilitate his purchase on February 21, 2013 of a 2010 Porsche Panamera Turbo ("the
Porsche") from HBL, LLC d/b/a Porsche of Tysons Corner for the total purchase price of
$97,449.40.  The Debtor utilized the proceeds of the Loan to purchase the Porsche free and clear
of any liens or encumbrances in favor of Navy Federal or any other party.

H:\Documents\2015\02.2015\massenburg navy federal complaint 021915 rev'd rs.doc

### Count One
### Declaratory Judgment
### [28 U.S.C. § 2201]

10.  Your Plaintiff/Trustee hereby incorporates by reference in this Count One all of those allegations set forth above in Paragraphs 1-9, *supra*, as if fully set forth in the body of this Count One.

11.  A dispute exists between Plaintiff and Navy Federal as to, *inter alia*: (a) the validity and enforceability of the Loan; (b) the validity and enforceability of the Debtor's pledge of the Share Account and his use of Estate Funds as collateral for the Loan; and (c) the validity of Navy Federal's seizure of the balance of the Estate Funds maintained in the Share Account.

12.  There is an actual controversy of a justiciable issue between Plaintiff and Navy Federal as to, *inter alia*: (a) the validity and enforceability of the Loan; (b) the validity and enforceability of the Debtor's pledge of the Share Account and his use of Estate Funds as collateral for the Loan; and (c) the validity of Navy Federal's seizure of the balance of the Estate Funds maintained in the Share Account.

13.  Antagonistic claims exist between Plaintiff and Navy Federal. These claims indicate imminent and inevitable litigation.

14.  The controversy between the parties will be terminated by a declaratory judgment issued by this Court.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1.  DETERMINE and adjudicate: (a) the validity and enforceability of the Loan; (b) the validity and enforceability of the Debtor's pledge of the Share Account and his use of Estate

Funds as collateral for the Loan; and (c) the validity of Navy Federal's seizure of the balance of the Estate Funds maintained in the Share Account.

2.  DECLARE the Loan, the Debtor's pledge of the Share Account, and the Debtor's use of Estate Funds as collateral for the Loan to be invalid and void *ab initio*.

3.  DECLARE the Defendant Navy Federal's seizure of the balance of the Estate Funds maintained in the Share Account to be invalid and without legal authority.

4.  DECLARE that the Defendant Navy Federal forthwith must repay the Estate Funds to the Plaintiff/Trustee.

5.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count Two
### Avoidance of Post-Petition Transfer
### [11 U.S.C. § 549(a)]

15.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Two all of those allegations set forth above in Paragraphs 1-14, *supra*, as if fully set forth in the body of this Count Two.

16.  The Debtor's transfer of the Estate Funds to the Share Account together with his subsequent pledge of the Share Account as collateral for the Loan (hereafter "the Transfer") constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

17.  The Estate Funds were property of the Debtor's bankruptcy estate at the time of the Transfer.

18.  The Debtor made the Transfer after the Petition Date.

19.  The Transfer was not authorized under the Bankruptcy Code or by this Court.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1.  ORDER, pursuant to 11 U.S.C § 549(a), that the Transfer be AVOIDED.

2.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count Three
### Recovery of Avoided Transfer
### [11 U.S.C. § 550(a)(1)]

20.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Three all of the allegations set forth above in Paragraphs 1-19, *supra*, as if fully set forth in the body of this Count Three.

21.  Navy Federal was the initial transferee of the Transfer.

22.  The Transfer was made for the benefit of Navy Federal.

23.  Pursuant to the provisions of 11 U.S.C. § 550(a)(1), your Plaintiff/Trustee is entitled to recover the property transferred, or its value, from Navy Federal.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  ORDER that the Plaintiff/Trustee recover the property transferred to the Defendant Navy Federal in the sum of $97,449.00 together with interest accrued thereon calculated from the date of the Transfer through the date of judgment at the legal rate of 6% *per annum*.

2.  ORDER that the Defendant Navy Federal forthwith turnover to the Plaintiff/Trustee the property transferred to it in the sum of $97,449.00 together with interest accrued thereon calculated from the date of the Transfer through the date of judgment at the legal rate of 6% *per annum*.

3.  ENTER judgment in favor of your Plaintiff/Trustee and against the Defendant Navy Federal in the sum of $97,449.00 together with interest accrued thereon calculated from the date of the Transfer through the date of judgment at the legal rate of 6% *per annum*.

4.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG & MASTRO

Dated: February 20, 2015

By: _/s/ Roger Schlossberg_

Roger Schlossberg
Frank J. Mastro
18421 Henson Blvd., Suite 201
Hagerstown, MD 21742
(301) 739-8610

Attorneys for Plaintiff/Trustee